UNITED STATES of America,
Appellee,

v.

Howard Elliott BERKUS, Appellant.

No. 20096.

United States Court of Appeals,
Eighth Circuit.

June 30, 1970.

Morley Friedman, of Robins, Meshbesher, Singer & Spence, Minneapolis, Minn., for appellant; Gerald M. Singer, Minneapolis, Minn., on the brief.

Peter J. Thompson, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Robert G. Renner, U. S. Atty., Minneapolis, Minn., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and LAY, Circuit Judges.

LAY, Circuit Judge.

Appeal is made to this court from a judgment of conviction for the possession of LSD in violation of 21 U.S.C.A. § 331 (q) (3) (A) (Supp.1970). The narrow issue on review is whether the district court, the Honorable Earl R. Larson presiding, erred in overruling defendant's motion to suppress the evidence seized pursuant to the search warrant. We affirm the judgment.

The defendant, Howard Berkus, was arrested at 12:05 a. m., March 24, 1969, at the Minneapolis-St. Paul International Airport upon his arrival on a flight from San Francisco. A search warrant had been issued on March 22, 1969, authorizing a search of Berkus' person and baggage. The search of defendant's luggage revealed quantities of marijuana and LSD. The defendant attacks the validity of the search warrant on the basis that probable cause did not exist for its issuance. The defendant alleges that (1) the affidavit was insufficient in that it was conclusory in terms, (2) in finding probable cause at the pretrial hearing, the trial court considered, in addition to the officer's affidavit, unrecorded testimony of a police officer which had earlier been given to the magistrate under oath, and (3) notwithstanding this oral testimony, sufficient facts were not before the magistrate to establish probable cause for the issuance of the search warrant.

The affidavit was made by Veryl Burchett, a narcotics officer of the Minneapolis Police Department and basically alleged that (1) the two informants were previously known to be reliable and had given information in the past which had led to the arrest of narcotics peddlers; (2) information had been received twice that week from these informants concerning Berkus' activity; (3) these confidential sources disclosed that Berkus was to transport drugs and narcotics from Phoenix, Arizona, to Minneapolis, Minnesota; (4) Berkus left Minneapolis for Phoenix by commercial airline on March 21, 1969, and intended to pick up drugs and return to Minneapolis on March 22, 1969; (5) the narcotics squad and the Federal Bureau of Narcotics had information that Berkus was involved in illegal drug activities including sales and transfers; and (6) the drugs were so great in quantity that it would not be possible to conceal them on the subject's person.

At the hearing on the motion to suppress conducted by Judge Larson, Officer Burchett testified that on March 22, 1969, he and John Walsh, an agent of the Federal Bureau of Narcotics, went to the home of William B. Christensen, a Hennepin County, Municipal Court Judge, with an affidavit to obtain a search warrant. He further testified that it was customary for Judge Christensen to place the affiant under oath and ask further questions concerning the contents of the affidavit. This procedure was followed on this occasion. Burchett related his previous use of information given him by the informants and the past proven reliability as to the information supplied. He then told the magistrate that "the information in this affidavit had been obtained by direct conversation with Berkus and another party, Fraser, or through overhearing them have a conversation between themselves." He further told Judge Christensen that their information was that the subject would be carrying five to ten kilos of marijuana and a gram quantity of LSD.

█ We agree with Judge Larson's observations that probable cause was sufficient under these circumstances for the issuance of the search warrant. Cf. United States v. Lugo-Baez, 412 F.2d 435 (8 Cir. 1969). We think there existed

sufficient compliance with the twofold test of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The combined information of the affidavit and the sworn testimony before the magistrate demonstrates (1) sufficient reliability of the informer; see McCreary v. Sigler, 406 F.2d 1264 (8 Cir. 1969); United States v. Mitchell, 425 F.2d 1353 (8 Cir. 1970); and (2) a disclosure of the underlying circumstances as to how the informant's information was obtained.

The record in the instant case discloses that the information contained in the affidavit was obtained either by the informants in direct conversation with the defendant or in overhearing the defendant's conversation. Such information negates the "casual rumor" or mere suspicion by reason of "general reputation." It is true that information not considered by the magistrate at the time of the issuance of the warrant may not subsequently be considered at a hearing on a motion to suppress in order to justify probable cause. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); McCreary v. Sigler, supra. However, this deficiency did not occur here. The magistrate had every right within the substantive practicalities of the Fourth Amendment to supplement the affidavit by sworn testimony of the officer. Gillespie v. United States, 368 F.2d 1 (8 Cir. 1966); Miller v. Sigler, 353 F.2d 424 (8 Cir. 1965), cert. denied, 384 U.S. 980, 86 S.Ct. 1879, 16 L.Ed.2d 690 (1966). See also Lopez v. United States, 370 F.2d 8 (5 Cir. 1966); United States ex rel. Boyance v. Myers,

270 F.Supp. 734 (E.D.Pa.1967), rev'd on other grounds, 398 F.2d 896 (3 Cir. 1968).

■ The validity of the search warrant is challenged under Minnesota law. Minnesota Statute, § 626.09 provides:

"The court or justice of the peace may, before issuing the warrant, examine on oath the person seeking the warrant and any witnesses he may produce, and must take his affidavit or their affidavits in writing, and cause same to be subscribed by the party or parties making same."

It is urged on the basis of this statute that Minnesota law now requires that the sworn testimony must be recorded at the time the affidavit is obtained and cannot be recounted by a witness' recollection at the hearing on the motion to suppress. Berkus relies upon State v. Burch, 284 Minn. 300, 170 N.W.2d 543 (1969). In *Burch*, the defendant challenged validity of the complaint upon which he was arrested, specifically alleging that the facts stated therein were insufficient to show probable cause. The portion of the complaint signed by the issuing magistrate indicated that the complainant was also orally examined by him under oath. The court held the complaint defective and added that no record was made of the sworn testimony given to the magistrate.

Prior to the decision in *Burch*, the Supreme Court of Minnesota had approved the practice of making a sworn, but unrecorded, statement before the magistrate, similar to the procedure in the instant case. See State v. Campbell, 281 Minn. 1, 161 N.W.2d 47, 52 n. 6 (1968).[1]

---

1. The Minnesota Supreme Court there noted:

"Our statutes, supra footnote 3, implementing the constitutional mandate, provide for supporting affidavits of probable cause and the reduction of sworn statements to affidavit form. Detective Anderson's sworn testimony was not reduced to writing, but we do not view this as a fatal defect. It would have been far better practice of course, for all essential information to have been stated in the original affidavit or,

alternatively, that Detective Anderson's sworn statements be reduced to writing and subscribed by him. Neither the constitution nor the statutes, however, should be construed to exalt form above substance, the important thing being that the magistrate himself shall have a reliable basis for the issuance of the warrant. The procedure here used does not invite serious criticism. Detective Anderson and his colleagues, who were actively engaged in the investigation of a serious crime committed only a few

It is now urged that *Campbell* is impliedly overruled by the court's later dicta in *Burch*.

We are inclined to agree with Judge Larson's rationale [2] in his unpublished memorandum opinion that *Burch* was not intended to overrule the holding of *Campbell* on this issue. Furthermore, it should be obvious that *Burch* is clearly distinguishable from both the earlier *Campbell* case as well as the instant facts. In *Burch*, the record failed to disclose at any time what additional facts were given to the magistrate by oral testimony. The Minnesota Supreme Court in *Burch* observed:

> "The portion of the complaint signed by the magistrate in the present case indicates that the complainant was examined by him under oath. * * *

We have no way of knowing what facts, if any, the magistrate learned when the complainant was examined, and without a showing of facts sufficient to sustain a finding of probable cause, we are forced to conclude that probable cause did not exist." 170 N. W.2d at 549.

Additionally, we note the search warrant was issued March 22, 1969, and the decision in the *Burch* case was rendered on August 15, 1969. Assuming arguendo, that the *Burch* decision is intended to be the new rule in Minnesota, it should not be applied retrospectively to the search of March 1969. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Under the circumstances, the observation of the Minnesota Supreme Court in the *Campbell* case would

hours earlier, were doubtless in a hurry to get a search warrant without delay because of their concern that evidence, located in an apartment suspected to be 'a gathering-place of certain holdup men,' might be removed. They prepared the affidavit themselves, in longhand, at that late hour of night without legal or secretarial assistance. Judge Anderson himself was summoned from sleep without the normal facilities for conducting the hearing with the usual formalities. Even so, all the circumstances indicated that an investigation of considerable detail had occurred and that, although the officers were acting in haste, their haste was the product of substantial evidence and not mere surmise. Apart from the record itself, post-trial affidavits of Detectives Anderson and Pufahl, as well as Judge Anderson himself, remove any vestige of possible doubt as to the substance of the information upon which Judge Anderson issued the warrant."

2. Judge Larson wrote:
 "This Court doubts that the Minnesota Supreme Court would overrule itself a year later without citing the earlier opinion.
 "Therefore, there are perhaps two explanations of the Minnesota Court's position. First, it might be suggested that the *Campbell* case is a permissible exception in view of the fact (as the Court notes) that the affidavit was drafted by the officer himself in a moment of haste, and that in such circumstances the filling out of details orally before the Judge is acceptable even though not

transcribed. If this were the intention of the Court, the *Berkus* case would surely fall into that category. On a Saturday afternoon when Officer Burchett knew the defendant could be arriving shortly he typed the affidavit himself and arranged to meet Judge Christensen at his home. Certainly it would be highly impractical to suggest that a court reporter or some other individual be present to copy down everything that transpired. In a situation such as this where the law enforcement officer has gone to the trouble of interposing an independent magistrate between himself and a criminal suspect on the loose, the oral interrogation of the officer by the magistrate should be available as aid in deciding the sufficiency of the warrant application.
 "This leads to the second plausible construction of *Burch*. Although the opinion recites that 'there must be a complaint or sworn record,' it does not preclude the possibility of a complaint plus sworn testimony, unrecorded. This Court would agree that if there were no affidavit or application at all, that the oral testimony must be transcribed to substantiate or evidence the interview; however, if there is a reasonably adequate complaint itself in writing, then the oral testimony should be considered for its merit. This is exactly what occurred in *Campbell*, which never was mentioned in *Burch*. Again, under this reading of *Burch* it would be permissible to evaluate the weight of Officer Burchett's oral statements in ruling on the warrant."

be controlling as to the validity of the search warrant in question.

 The main thrust of defendant's argument is that the testimony of Officer Burchett was not recorded or transcribed before the magistrate and therefore violates the Fourth Amendment. We are aware that some states require a record of the sworn testimony given before the magistrate in order to establish probable cause. State v. Beal, 40 Wis.2d 607, 162 N.W.2d 640 (1968).[3] Two justices of the United States Supreme Court have taken the view that this is a constitutional requirement under the Fourth Amendment. See Christofferson v. Washington, 393 U.S. 1090, 89 S.Ct. 855, 21 L.Ed.2d 783 (1969) (Justices Brennan and Marshall dissenting on the Court's denial of certiorari).[4] We acknowledge that it is at all times preferable to record testimony given before a magistrate to supplement an affidavit. There can be little doubt that this serves as the best means to afford judicial review of probable cause.

 However, the determination of whether the magistrate was shown probable cause to issue the warrant is no different than any other factual controversy to be resolved by a trial court. A witness' recollection of past factual detail generally constitutes the sole means by which any trial of both civil and criminal controversy is carried on. The adjudication of the controversy is generally based upon the credibility of a witness' recollection. The casual observation or spoken word, recalled by human memory, is often times, when put to cross-examination or otherwise rebutted, proven fallible and in error; but this does not render the testimony inadmissible at trial simply because it was not recorded contemporaneous with the event. Rules of procedure or statutory requirements, however salutary they may be, cannot provide new constitutional requirements. We are still inclined to adhere to the view written by Judge Harvey Johnsen in Gillespie v. United States, supra, where he said:

"On substantive aspect, to which it is necessary here for appellant's contention to reach, the Fourth Amendment contains no prescription as to the form or manner in which probable cause must be shown, but merely provides generally that ' * * * no Warrants shall issue, but upon probable cause, supported by Oath or affirmation * * *.' " 368 F.2d at 4.

Judgment affirmed.

---

3. In Wisconsin, the state's statute provides specifically:

"963.02 Search warrants; when issued.

"Upon presentation of a sworn complaint or affidavit, or of oral testimony recorded by a phonographic reporter, showing probable cause therefor, such magistrate shall issue a warrant to search for and seize any of the following: * * *."

4. For the exposition of the rule followed in the State of Washington see, State v. Walcott, 72 Wash.2d 959, 435 P.2d 994 (1967).