251 So.2d 776

**Guy H. MOUNT**

v.

**STATE.**

**7 Div. 3.**

Court of Criminal Appeals of Alabama.

March 30, 1971.

Rehearing Denied May 11, 1971.

Simmons, Torbert & Cardwell, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

Buying, receiving etc. stolen goods: sentence, seven years.

The State's case rests on (1) the discovery (aided by a search warrant) of stolen

goods; and (2) a thief's testimony he "sold" Mount his employer's property at half price.

Under Childs v. State, 43 Ala.App. 529, 194 So.2d 861 and dictum in Patterson v. State, 45 Ala.App. 229, 228 So.2d 843 the thief and receiver are not usually in relationship of accomplices inter sese. 23 C.J. S. Criminal Law § 798(24); Samples v. State, Okl.Cr., 337 P.2d 756; Keene v. State, 2 Md.App. 325, 234 A.2d 477. Here, however, the embezzler testified as to a prior agreement as to each "back door sale" by him to Mount. See Magruder v. Commonwealth, Ky., 281 S.W.2d 716.

Hence it is needful to determine the validity of the search. The supporting papers read as follows:

*DEPT # 2   MOTION*

## DEPOSITION

STATE OF ALABAMA }
ETOWAH COUNTY

~~August 21, 1965~~
Date

Having been duly sworn the person(s) whose signature(s) appear below, deposes and says:

"This date, information was received (by telephone) (in person) at my (home): (office) from an informant known to me and whose record of reliability is good, that ~~Guy H. Mount~~ ~~1105 Dwight Ave.~~ ~~(has illegal alcoholic beverages) (is manufacturing illegal alcoholic beverages) etc.~~ II Has in his possession or control property that ~~is stolen, being property~~ of Sears-Roebuck consisting of (1) Sears classic range, (1) coldspot 14000 BTU air condititioner.

*Felton Yates*

Subscribed and sworn to before me this 21 day of Aug. 21, 1965, 19 65

*[signature]*
Judge-Clerk, Etowah County Court

---

AFFIDAVIT AND WRIT FOR SEARCH WARRANT

STATE OF ALABAMA }
ETOWAH COUNTY

### ETOWAH COUNTY COURT

Before me, the undersigned Judge or Clerk of the Etowah County Court, personally appeared Felton Yates, who being duly sworn, deposes and says that he has cause for believing and does believe that Guy H. Mount has concealed about his premises at 1105 Dwight Ave. ~~prohibited liquors or beverages~~ Sears classic range, coldspot 14000 ~~xxxxx~~ B-T-U air conditioner

Sworn to and subscribed before me this the 21 day of Aug., 1965

*[signature]*
Judge-Clerk, Etowah County Court

*Felton Yates*
Affiant

[2142]

*STATE'S EX. NO. 1*

---

The clerk of the Etowah County Court, Hon. Howard Kirby, issued the warrant of instant concern. See Womack v. State, 281 Ala. 499, 205 So.2d 579. He was called as a

witness for the movant on the defense motion to suppress the evidence secured on the search.

On cross examination the following (in pertinent part) was elicited from Mr. Kirby:

"Q Howard, you are testifying on these two warrants merely from your observation here this afternoon of what you see when you look at these warrants?

A Yes, sir.

Q And your testimony was not based upon any independent recollection you have of anything concerning the time they were issued?

A That's right.

Q As a matter of fact, you issue many hundreds of search warrants, don't you?

A I issue scores and scores of them a week—a month—by the month.

Q All right, sir. Now let me ask you if it's customary or if in the process of issuing warrants on [sic-at?] times cases involving the warrants are discussed with you?

A You mean discuss that particular case?

Q Well, any particular case when they are getting a warrant.

A Lots of times they make some remarks about it, and maybe something is said outside of what is written down.

Q So your testimony is not that there was nothing said at this time concerning the facts back of this search warrant?

A Oh, they may have made some remarks in connection with the case or some other matter not even pertaining to that—they could have, but I wouldn't have any independent recollection.

Q As a matter of fact, it could be possible that they sat down and went over the whole case with you, or a good portion of it?

A Well, I don't know of any—I will say this, there has never been any time that I know of that they sat down and just outlined to me everything that was down—that has never been done. Nobody has ever done that.

Q But they have talked to you about the case?

A Oh, yeah, they have talked to me. They usually tell me they have got a search warrant here—

Q And tell you some facts about the underlying situation?

A They may make some statements—maybe something about the thing. *But, of course, the only thing I have them swear to is what they have written out there.*

Q I understand. But you do—

A I don't take any shorthand testimony or anything like that.

Q Your testimony is that you do not subpoena witnesses?

A No, sir.

Q Or make a personal investigation?

A No, sir, I don't go out and make an investigation. I don't have any authority by law whatsoever to do it. I don't make any judicial determination because I am not a judge. My work is just as the Clerk—in a clerical capacity. (Italics added).

■ Alabama Const.1901, § 5, and the Fourth Amendment (through the 14th Amendment) of the Federal Constitution require oaths or affirmations to support probable cause in issuing search warrants. In other words, whether the evidence is part reduced to writing and part oral, *it must all be under oath or affirmation.* Any

matter merely asserted cannot support the warrant. See State v. Campbell, 281 Minn. 1, 161 N.W.2d 47; State v. Burch, 284 Minn. 300, 170 N.W.2d 543; United States v. Berkus, 8 Cir., 428 F.2d 1148

 Nowhere in the testimony of Felton Yates, the affiant, does it appear that the matters additionally related by him to Mr. Kirby were sworn to. The very least that is constitutionally required is that the witnesses before the magistrate be under the penalties of perjury.[1]

The foregoing affidavit must be considered as the sole support of the warrant. As such it is merely conclusory and fails to meet the tests of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

The fruits of the unlawful search were the only corroboration of Mount's accomplice. Hence the admission of this evidence was prejudicial beyond a reasonable doubt.

The judgment below is due to be reversed and the cause remanded for a new trial.

Reversed and remanded.

1. The writer abides by what he said in Brandies v. State, 44 Ala.App. 648, 219 So.2d 404 and Tylor v. State, 45 Ala. App. 155, 227 So.2d 442. See also special concurrence in Oliver v. State, 46 Ala. App. 118, 238 So.2d 916.