Jerry **CAMPBELL**, Appellant,

v.

**STATE OF MINNESOTA**, Appellee.

No. 73–1373.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 18, 1973.

Decided Nov. 13, 1973.

**2**

------♦------

Bernard P. Becker, Minneapolis, Minn., for appellant.

Theodore B. Rix, Asst. Hennepin County Atty., Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

The defendant was tried in Minnesota's Hennepin County District Court and convicted of murder in the first degree. He contended at trial that certain evidence procured through a search of his home, pursuant to a search warrant, should be suppressed because the finding of probable cause for the search by the issuing judge was erroneous. He also objected to the introduction of evidence of his blood type secured without a warrant while he was recovering from surgery in a hospital. The trial court found that the search warrant was issued on a proper probable cause finding and that the defendant consented to the taking of a sample of his blood. The defendant urged these and other claims as a basis for reversal in his appeal to the Minnesota Supreme Court. The court affirmed the conviction. State v. Campbell, 281 Minn. 1, 161 N.W.2d 47 (1968).

The Supreme Court held that an affidavit of Detective Robert D. Anderson of the Minneapolis Police Department, plus his oral testimony before the issuing Municipal Judge (Elmer Anderson) provided sufficient probable cause for the issuance of the warrant. The court then found that:

> Apart from the record itself, post-trial affidavits of Detectives Anderson and Pufahl, as well as Judge Anderson himself, remove any vestige of possible doubt as to the substance of the information upon which Judge Anderson issued the warrant.

State v. Campbell, *supra* at 53 n. 6.

The defendant next sought a writ of habeas corpus from the United States District Court for the District of Minnesota. His principal claims were that his rights under the Fourth Amendment were violated by (1) a search conducted pursuant to a warrant obtained without probable cause, and (2) the introduction of blood samples taken without his consent. The District Court denied his petition.

The facts can be briefly summarized. Hanson's Super Fair Store, located at 4245 Fourth Avenue South, in Minneapolis, was robbed shortly after 9:30 p. m. on October 21, 1965. During the robbery, Wilford Hanson, the proprietor, was killed and the robber escaped with a stab wound in the chest area. Detectives Robert D. Anderson and Aloysius Pufahl of the Minneapolis Police Department were led in their investigation of the crime to Hennepin County General Hospital where the defendant had been admitted to surgery with a stab wound in his upper stomach. After a check of the defendant's police record, the detectives went to the home of Judge Elmer Anderson of the Hennepin County Municipal Court and obtained a warrant for the search of the defendant's apartment. The warrant was obtained at about 1:00 a. m. on October 22.

The part of Detective Anderson's affidavit submitted to Judge Anderson with which we are concerned reads:

> * * * [T]he facts tending to establish the foregoing grounds for issuance of a Search Warrant are as

follows: Robbery and homicide occurred at 9:50 p. m. October 21, 1965, at Hanson's Super Fair 4245 4 Ave. So. Suspect of homicide was stabbed and fled. Within one hour, one Jerry Henry Cambell [sic] was admitted to General Hospital with a stab wound. Campbell lives within two blocks of scene. Has criminal record for robbery. Cambell [sic] admits being stabbed in this area.

At approximately 11:00 a. m., on October 22, Detective Russell Krueger and another detective went to General Hospital and obtained a sample of defendant's blood. A blood analysis revealed that this sample was of the same grouping as that found on the robber's abandoned paper mask and on certain items found in the defendant's apartment.

The defendant contends on appeal that:

1. There is not sufficient competent evidence on the record to support a finding of probable cause for the issuance of the search warrant.

(a) The affidavit presented to Judge Anderson was not sufficient to establish probable cause.

(b) The information stated by Detective Anderson in the state court trial to have been conveyed orally to Judge Anderson was not sufficient to establish probable cause, even when considered with the affidavit.

(c) It has not been shown that the oral testimony before Judge Anderson was given under oath.

(d) The affidavits submitted to the Minnesota Supreme Court cannot be used to support a finding of probable cause.[1]

2. The blood samples were taken from the defendant without his consent and without a warrant and, thus, his rights under the Fourth and Fourteenth Amendments were violated.

The affidavit presented to Judge Anderson does not provide a sufficient basis upon which a finding of probable cause could have been made. See, Spinelli v. United States, 393 U.S. 410, 89

---

[1]. These affidavits give a detailed account of the detectives' investigation of the crime. They reveal the underlying circumstances which led the officers to seek a warrant and include all sources of information, e. g., Detective Anderson's affidavit recites:

That your Affiant's recollection is that he informed Judge Anderson of the following: That the information as to the happening of the robbery, homicide and stabbing was obtained by Affiant from personal observation at the scene of the crime and by interviewing eyewitness-victims of said robbery and events; That said eyewitnesses also gave your Affiant the description of the hold-up man; That your Affiant was informed by his superior, Captain Henry Deason, in charge of the Homicide Division of the Minneapolis Police Department, that a [N]egro male fitting the description of the hold-up man and with a stab wound had been admitted to Hennepin County General Hospital admission record was examined by your Affiant and showed that the suspect was named Jerry H. Campbell and lived at the address named in the search warrant; That your Affiant had examined official records of the City of Minneapolis Police Department

Bureau of Identification which disclosed that said Jerry H. Campbell had been picked up by the Federal Bureau of Investigation on a fugitive warrant for robbery; That said Jerry H. Campbell was a suspect for robberies committed in Waterloo, Iowa supermarkets, that Jerry H. Campbell was from Waterloo, Iowa, and that said Jerry H. Campbell's brother was wanted on a warrant for robberies and was reported to frequent Jerry H. Campbell's residence;

That your Affiant also informed Judge Anderson that he had talked to one Ronald Seth Sims, a neighbor of said Jerry H. Campbell, who had brought said Jerry H. Campbell to Hennepin County General Hospital for treatment of a stab wound; That said conversation took place at the Minneapolis Police Department Headquarters where said Ronald Seth Sims voluntarily appeared; That your Affiant had verified what Sims related by examining said Jerry H. Campbell's admission record at the Hennepin County General Hospital; That said record showed that he had been brought to the said Hospital by said Ronald Seth Sims[.]

S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). It fails to set forth any of the underlying circumstances necessary to enable the magistrate to judge independently Detective Anderson's conclusion that the defendant had robbed and murdered the proprietor of Hanson's Super Fair Store. There is no indication in the affidavit of the basis of the detective's knowledge of the facts stated therein. Moreover, the record before us does not establish that these defects were cured by the oral information given to Judge Anderson. Detective Anderson testified at the state court trial that he told Judge Anderson:

> * * * [A] crime had been committed in the City of Minneapolis and a man had been shot and killed by a holdup man. I told him that a party had come into General Hospital fitting generally the description of the holdup man suffering from a wound that we felt could have been sustained at the scene and that the man's room that we wanted to search lived within two blocks of the scene of the holdup shooting and that due to his prior record and his companions, that we felt that a search warrant was necessary at this time.[2]

This testimony is largely repetitious of the statements in the earlier affidavit and suffers from the same defects.

■ ■ We find that the United States District Court erred in relying upon the affidavits submitted to the Minnesota Supreme Court. 28 U.S.C. § 2254 requires a federal court to hold an evidentiary hearing in habeas corpus cases when there was a dispute on the facts and " * * * the fact-finding procedure employed by the State court is not adequate to afford a full and fair hearing * * *." Here, there is a factual issue, i. e., what did Detective Anderson tell Judge Anderson when he made application for the search warrant. The procedure employed by the Minnesota Supreme Court to resolve this factual issue was not adequate. The defendant did not have an opportunity to cross-examine the affiants. Such an opportunity is a necessity, especially where the memories of the affiants may have dimmed over the two-year period between application for the warrant and submission of the affidavits. Although the information in the affidavits submitted to the Minnesota Supreme Court may very well have been conveyed to Judge Anderson on October 22, the defendant is entitled to have this issue determined in an evidentiary hearing where both parties have an adequate opportunity to present relevant evidence and rebut the evidence of the opposition.[3]

■ We do not criticize the actions of the detectives or of Judge Anderson. The police officers are to be commended for seeking the warrant,[4] and the judge is to be commended for receiving the officers in the middle of the night and for accepting oral testimony to supplement the affidavit,[5] which must have appeared to him to be sketchy. While it would have been preferable to make a

---

2. In his state court trial testimony, Detective Anderson did not claim that any additional information was conveyed orally to Judge Anderson. In giving his reasons for seeking a warrant, however, Detective Anderson stated essentially the same facts subsequently asserted in the affidavits submitted to the Minnesota Supreme Court to have been conveyed orally to Judge Anderson.

3. Although 28 U.S.C. § 2246 provides for the taking of evidence by affidavit, such a proce-

dure cannot be used to resolve substantial disputed questions of fact. Copenhaver v. Bennett, 355 F.2d 417, 421 (8th Cir. 1966).

4. See, Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

5. See, Gillespie v. United States, 368 F.2d 1 (8th Cir. 1966); Miller v. Sigler, 353 F.2d 424 (8th Cir. 1965), cert. denied, 384 U.S. 980, 86 S.Ct. 1879, 16 L.Ed.2d 690 (1966).

contemporaneous recording of the testimony, this failure can certainly be excused under the circumstances. Moreover, there is nothing in the Fourth Amendment to require the adoption of such a procedure.[6] United States v. Berkus, 428 F.2d 1148, 1152 (8th Cir. 1970). Our only concern is that the defendant has not been given an opportunity to examine Judge Anderson and the detectives with respect to (1) whether the oral testimony was given under oath,[7] and (2) what the substance of the testimony was. The defendant urges that a reversal here would be inconsistent with our earlier decision in *Berkus*. We do not agree. We simply held in *Berkus* that a written affidavit in support of a search warrant could be supplemented by unrecorded (sworn) oral testimony. We reaffirm that decision here and simply add that if there is a dispute with respect to the oral testimony, the defendant must be provided an evidentiary hearing to resolve that dispute.

 There was adequate evidence to support the finding made by the state trial court, and adopted by the United States District Court, that the defendant consented to the taking of a sample of his blood.[8] This issue was fully and adequately developed at trial.

Reversed in part, affirmed in part, and remanded to the District Court for action consistent with this opinion.

6. Even contemporaneous notes taken by the issuing judge—outlining the content of any oral testimony—would have been helpful. Again, however, the Constitution does not require adoption of such a procedure.

7. This Court stated in Frazier v. Roberts, 441 F.2d 1224 (8th Cir. 1971):
 The nearly unanimous view is that the Fourth Amendment requires that only information related to the magistrate on Oath or affirmation is competent upon which to base a finding of probable cause; that unsworn oral statements may not form a basis for that decision.

It is clear that Detective Anderson swore that the contents of the affidavit were true. What is not clear is whether his oral testimony was given under oath. Therefore, we must direct the District Court to make an independent factual finding after a hearing on this issue.

8. In Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), the United States Supreme Court held that a warrant to take a blood sample was not necessary in the "emergency" situation faced there. Here, there has been no showing of an emergency and the defendant's consent was required.