**Jerry H. CAMPBELL, Appellant,**

v.

**STATE OF MINNESOTA, Appellee.**

**No. 76–1443.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1976.

Decided April 13, 1977.

---

Douglas Hall, Legal Rights Center, Inc., Minneapolis, Minn., for appellant.

David W. Larson, Minneapolis, Minn., for appellee; Warren R. Spannaus, Atty. Gen., St. Paul, Minn., Vernon E. Bergstrom and Phebe S. Haugen, Minneapolis, Minn., on the brief.

Before WEBSTER and HENLEY, Circuit Judges, and VAN PELT, District Judge.*

VAN PELT, Senior District Judge.

This is a habeas corpus action involving a state court conviction for first degree murder. Petitioner contends that his Fourth Amendment rights were violated when a warrant to search his apartment was issued without probable cause. This is the second appearance of this case in this court. *See Campbell v. State of Minnesota,* 487 F.2d 1 (8th Cir. 1973). The court at that time reversed the district court and held that (1) the affidavit in support of the warrant did not provide sufficient basis upon which a finding of probable cause for the issuance of a warrant to search Campbell's apartment could have been made, and (2) the district court could not rely on 1967 post-trial affidavits from the police officers and Judge Anderson,[1] who issued the warrant, to support a finding of probable cause. The case was remanded for an evidentiary hearing, including cross-examination by defendant, to determine whether oral statements made at the time the warrant was issued were given under oath and provided probable cause. The evidentiary hearing has now been had and the case is again before us.

Judge Alsop[2] found the detectives' oral statements were made under oath and provided probable cause for the issuance by the state court trial judge of the search warrant.

 We may not set aside the findings of the district court unless they are clearly erroneous. Fed.R.Civ.P. 52(a); *DeBerry v.*

---

* Robert Van Pelt, Senior United States District Judge, District of Nebraska, sitting by designation.

1. The Honorable Elmer R. Anderson, District Court Judge of Hennepin County, who at the time of authorizing the search warrant was Chief Judge of the Municipal Court for Hennepin County, Minnesota.

2. The Honorable Donald D. Alsop, United States District Judge, District of Minnesota.

*Wolff*, 513 F.2d 1336, 1339 (8th Cir. 1975). An examination of the record shows adequate support for the findings of the district court and we affirm.

■ Both detectives and Judge Anderson testified that the additional oral information to support the warrant was given under oath. The judge's deposition reflects uncertainty as to whether he administered the oath before or after the oral statements were given. The detectives testified the oath was administered after they had given the oral information, but before the warrant was signed, and that they understood the oath to pertain to both the oral statements and written affidavit in support of the warrant. Under *Frazier v. Roberts*, 441 F.2d 1224, 1228 (8th Cir. 1971), these oral statements would be considered sworn testimony since the officers understood the oath to relate back to them. While the exact language of the oath could not be recalled by the detectives, that is of less significance than what the men understood the words to mean.

Appellant contends that there were such inconsistencies between Detectives Anderson and Pufahl's 1966 trial testimony and 1967 post-trial affidavits and the testimony at the 1974 habeas evidentiary hearing that the 1974 testimony regarding the statements given under oath should be totally disregarded. We do not agree. This court earlier recognized that the 1967 affidavits may not have been accurate or complete and that an evidentiary hearing was needed with direct and cross-examination to ensure that all the facts would be presented. During the 1974 hearing, appellant's counsel had an opportunity to cross-examine the detectives about any testimony which conflicted with earlier statements made under oath and to impeach the detectives' credibility. Consequently, any alleged inconsistencies were clearly brought to light in the record. The 1974 testimony of the detectives was taken by a magistrate, and shortly thereafter in *Wingo v. Wedding*, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), the Supreme Court held that magistrates could not conduct evidentiary hearings in habeas corpus proceedings. It was agreed by the parties that the record could be reviewed by Judge Alsop without the necessity of recalling the witnesses. Just because Judge Alsop did not resolve the alleged conflicts in petitioner's favor does not mean that he reached a clearly erroneous result.

■ There is ample showing that the additional sworn oral statements made to Judge Anderson by the detectives provided probable cause for its issuance. It appears from the testimony of Detectives Pufahl and Anderson that Judge Anderson was quite specific in his questioning and wanted to know as much detail as they could provide, and they ended up telling him virtually all of the facts that their investigation had revealed. Judge Alsop found that Judge Anderson was aware that a robbery had occurred where eye witnesses described the suspect as a young Negro male 5′9″ to 5′10″ tall with a medium build who was stabbed in the stomach by the store owner with a narrow boning knife and the store owner had appeared to recognize the robber. Appellant was admitted to the hospital less than 30 minutes later with a stomach stab wound caused by a narrow bladed knife. Appellant fit the general description of the robber, and he lived only two blocks from the store where the robbery occurred. He was brought to the hospital by a man who told detectives that Campbell had told him he had been stabbed by some men in an alley which was in the vicinity of the robbed store, but that the clothing worn by Campbell had no penetration holes. Police records showed Campbell had been arrested for robbery previously, and was a suspect in other robberies.

We conclude that the hearing previously ordered has been had. We conclude Judge Alsop's findings are supported by the record and that the order denying the writ of habeas corpus should be affirmed.