# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2265

_____

United States of America,⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀Plaintiff - Appellee,⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*⠀⠀Appeal from the United States
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*⠀⠀District Court for the
Martin G. Wilson, Jr.,⠀⠀⠀⠀⠀⠀*⠀⠀Eastern District of Missouri.
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀Defendant - Appellant.⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*

_____

Submitted:  November 5, 2002

Filed: January 10, 2003

_____

Before McMILLIAN and SMITH, Circuit Judges, and LONGSTAFF,[1] District Judge.

_____

SMITH, Circuit Judge.

Martin G. Wilson, Jr. ("Wilson") appeals the decision of the District Court[2] to deny his motion to dismiss. In the motion, Wilson argues that Title 18 U.S.C.

_____

[1] The Honorable  Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa, sitting by designation.

[2] The Honorable E. Richard Webber, United States District Court Judge for the Eastern District of Missouri.

§ 922(g)(1), the statute under which he was indicted, violates the Second Amendment to the Constitution. We affirm.

## I.

On January 24, 2001, the Bureau of Alcohol, Tobacco, and Firearms ("ATF") executed a federal search warrant at Wilson's home. An investigation by local law enforcement into Wilson's failure to register as a sex offender precipitated the search. During the search, ATF agents discovered and seized approximately seventeen firearms and some ammunition. Wilson, a convicted felon, admitted that he jointly possessed the firearms with his wife.

On September 6, 2001, a grand jury indicted Wilson as a felon who was in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment recited Wilson's 1990 conviction for a sexual offense against a minor and listed the details of the seventeen firearms in his possession. In response, Wilson moved to dismiss the indictment, arguing that the statute violated the Second Amendment. The District Court denied the motion. On January 28, 2002, Wilson pled guilty to the one-count indictment, reserving his right to appeal the denial of his motion to dismiss. Wilson now appeals the motion's denial.

## II.

Wilson argues (1) that the Second Amendment provides an individual right to bear arms and (2) that because of this right, 18 U.S.C. § 922(g)(1) is unconstitutional.[3] However, as Wilson acknowledges, this Circuit's established

---

[3] Wilson relies heavily upon *United States v. Emerson*, 270 F.3d 203, 259 (5th Cir. 2001) (holding that the Second Amendment "protects the right of individuals, including those not then actually a member of any militia or engaged in active military service or training, to privately possess and bear their own firearms. . . ."). However, *Emerson* nonetheless upheld the constitutionality of § 922(g)(8) which prohibits an individual subject to certain restraining orders from possessing a firearm.

precedent upholds the constitutionality of § 922(g)(1). *See, e.g.*, *United States v. Waller*, 218 F.3d 856, 857 (8th Cir. 2000) (per curiam) (holding that "it is now well-settled that Congress did not violate the Second Amendment in enacting" 18 U.S.C. § 922(g)(1)); *Cody v. United States*, 460 F.2d 34, 37 (8th Cir. 1972).

Wilson does not seek to distinguish our precedents, but instead argues that this Panel should overrule them. Wilson requested an initial hearing of this case before the Court en banc, acknowledging the controlling law against him and this Court's precedent that prohibits any three-judge panel of the Court from overruling a previous panel opinion. *See, e.g.*, *United States v. Riza*, 267 F.3d 757, 760 (8th Cir. 2001). The Court denied Wilson's en banc request on September 3, 2002. Wilson admittedly seeks reversal of clearly established precedent. We decline to do so and affirm the District Court's decision to deny his motion to dismiss.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.