# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3628

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Timothy Caldwell, also known as | * | |
| William Allen, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 11, 2003

Filed: August 6, 2003

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Timothy Caldwell was convicted of being a felon in possession of a firearm (violating 18 U.S.C. §§ 922(g)(1) and 924(e)). At his sentencing, the district court[1]–pursuant to Section 5G1.3 of the Sentencing Guidelines–ordered that Caldwell's term of imprisonment run consecutively to his state parole revocation

_____

[1] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

sentence. Caldwell appeals, arguing that his state parole revocation sentence should run concurrently with his federal conviction. We affirm.

## I.

On March 8, 1999, Caldwell was sentenced in a Missouri state court to four years' imprisonment for a variety of burglary convictions. He was paroled on August 11, 2000. While under parole supervision, Caldwell tested positive for cocaine and marijuana, was arrested for the state offenses of assault third degree and possession of cocaine, absconded from supervision, and committed the instant federal offense. Based on these violations, Caldwell's state parole was revoked on June 4, 2001. Caldwell was remanded to the custody of the Missouri Department of Corrections to complete his original four-year sentence.

In the interim, Caldwell was tried and convicted in federal district court of being a felon in possession of a firearm. On September 13, 2002, the district court sentenced Caldwell to 240 months' imprisonment. The district court, relying upon Section 5G1.3 of the Sentencing Guidelines, ordered Caldwell's federal term of imprisonment to run consecutively to his state parole revocation sentence. Caldwell appealed.

II.

Sentencing Guidelines § 5G1.3[2] provides a number of rules if a defendant is convicted of a federal crime and has a prior undischarged term of imprisonment. Specific to Caldwell's case, Subsection (c) of § 5G1.3 states that the sentencing judge has discretion to impose a sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment." U.S. Sentencing Guidelines Manual § 5G1.3(c) (2001). However, if the defendant was on "federal or state probation, parole, or supervised release at the time of the instant offense, and [such status was] revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation . . . in order to provide an incremental penalty for the violation . . . ." *Id.* at cmt. n.6.

---

[2] Section 5G1.3 provides:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S. Sentencing Guidelines Manual § 5G1.3 (2001).

Caldwell argues that this language provides the district court with the discretion to order that a federal sentence and state parole revocation run concurrently. However, we have previously rejected this argument and have held that Section 5G1.3's language and commentary mandate that a federal sentence and state parole revocation sentence must run consecutively. *United States v. Smith*, 282 F.3d 1045, 1047–48 (8th Cir. 2002); *United States v. Goldman*, 228 F.3d 942, 943–44 (8th Cir. 2000).

Caldwell does not attempt to distinguish this precedent, but instead relies upon authority from the Second Circuit and the District Court for the Eastern District of Pennsylvania. *United States v. Maria*, 186 F.3d 65, 70–74 (2d Cir. 1999); *United States v. McCulligan*, No. 99-410-01, 2000 WL 1660033, at *4 (E.D. Pa. Nov. 3, 2000). However, given our rule prohibiting any panel from overruling binding precedent, Caldwell's argument must fail. *See, e.g.*, *United States v. Wilson*, 315 F.3d 972, 973–74 (8th Cir. 2001) (stating only the court en banc can overrule an earlier panel decision).

Accordingly, for the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-