NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2007
Decided May 11, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-1712

| | |
|---|---|
| UNITED STATES of AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 05-CR-10 |
| TROY E. TUCKER, *Defendant-Appellant.* | Rudolph T. Randa, *Chief Judge.* |

**O R D E R**

Troy Tucker pleaded guilty to possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2). Tucker filed a notice of appeal, but his appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she is unable to discern any nonfrivolous issues to pursue. We agree with counsel that an appeal would be frivolous.

Milwaukee police pulled over Tucker's car after they observed him drive through a stop sign. According to their report, the police saw the driver "move[] his body in a quick and agitated manner" and decided to pull him over. During the stop Tucker refused the officers' request to search his car, but one of the officers saw the butt of a handgun sticking out between the two front seats. As the officer tried to

reach into the car to grab the gun, Tucker put the car in gear and raced off. The police eventually found Tucker's car parked behind a residence. The neighbors to this residence told police that they heard a gunshot, the slamming of a door to the lower apartment, and then a scream from inside the apartment. When the police asked to be let in the inhabitants refused, but a woman outside who claimed to be the tenant gave permission for them to enter. Once inside, the police found Tucker and arrested him. The police also found a .45-caliber gun and shell casing near Tucker's car, and later determined that the gun had traces of Tucker's DNA on it. After questioning from the police, Tucker admitted to possessing the gun.

Tucker was charged with being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). He pleaded not guilty and moved to suppress the gun, arguing that the police stopped him without probable cause and illegally searched the apartment without a warrant, consent, or exigent circumstances. Following a hearing, a magistrate judge ruled that police had probable cause to stop Tucker because he did not stop at the stop sign, and that during the traffic stop they saw the butt of a gun in plain view. The magistrate judge also found that the tenant of the apartment validly consented to the search. Tucker did not object to the magistrate judge's findings, and the district court denied the motion.

Tucker entered an unconditional guilty plea, admitting to the facts set forth by the magistrate judge. In the plea agreement, he acknowledged that his sentence would be calculated using the Sentencing Guidelines and that he relinquished several rights by pleading guilty, including the right to plead not guilty and the right to confront or cross-examine witnesses. He also waived the right to appeal any issues raised in pretrial motions. The probation officer recommended a sentencing range of 84 to 105 months to run consecutively to a 20-month state sentence he was serving for violating his parole.

The court sentenced Tucker to 94 months' imprisonment and imposed a three-year term of supervised release and a $100 special assessment. In imposing this sentence the court stated that it must consider "any sentence within the Guidelines as presumptively reasonable, according to the appellate court." This statement is not correct. The district court is not permitted to presume that a sentence within the Guidelines range is correct. *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006). We have said that "district judges generally possess the discretion under § 3553(a) and *Booker* to follow the Guidelines, if they so choose, without acting un-reasonably." *United States v. Gama-Gonzales*, 469 F.3d 1109, 111 (7th Cir. 2006). Despite this misstatement, after reviewing the transcript as a whole we are satisfied that the sentencing court did not give the Guidelines undue weight. The court thoroughly discussed several of the factors listed under 18 U.S.C. § 3553(a), particularly the seriousness of possessing a firearm as a felon and

Tucker's extensive criminal history, which began when he was 15 years old. The court also noted Tucker's medical condition, including that he suffers from lupus.

Tucker filed a notice of appeal, but his attorney now seeks permission to withdraw under *Anders* because she is unable to find a nonfrivolous issue for appeal. Tucker received a copy of counsel's motion, *see* Cir. R. 51(b), but has not responded. We therefore limit our review of the record to those potential issues identified in counsel's facially adequate brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel advises us that Tucker wishes to have his guilty plea set aside so that he may challenge the denial of his motion to suppress the gun and shell casings. Because Tucker wishes to have his plea set aside, counsel considers whether Tucker could argue that the plea was not voluntary because the plea colloquy was insufficient under Federal Rule of Criminal Procedure 11. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel points out that the court failed to mention several elements of a proper colloquy. In particular, the court did not tell Tucker that the Sentencing Guidelines would influence his sentence, that he was waiving the right to confront and cross-examine witnesses and the right to a trial, and that his answers at the change-of-plea hearing could be used against him in a prosecution for perjury. *See* FED. R. CRIM. P. 11(b)(1)(A), (C), (E), (M). Counsel also notes that the court did not advise Tucker that he had the right to plead not guilty or the right to be represented by counsel at trial and at every other stage of the proceeding. *See* FED. R. CRIM. P. 11(b)(1)(B), (D).

Our review of the adequacy of the plea colloquy is for plain error because Tucker did not challenge the colloquy in the district court. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 633 (7th Cir. 2006). Violations of Rule 11 are harmless if the defendant already knew the information that was omitted. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001).

We agree with counsel that these omissions from the colloquy were harmless. First, Tucker specifically acknowledged in his plea agreement that the Sentencing Guidelines would affect the sentence, that he waived the right to confront and cross-examine witnesses at trial, and that his statements could be used against him. Next, we may infer that a defendant who initially pleads not guilty (like Tucker) was aware of his right not to plead guilty. *See, e.g., Knox*, 287 F.3d at 670. Finally, the court's failure to advise Tucker of his right to counsel at every stage of the proceeding was harmless because he was represented by counsel throughout the proceedings. *See United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988).

Counsel next considers whether Tucker could challenge the denial of his motion to suppress the gun and shell casings because the police conducted the traffic stop without probable cause and conducted the warrantless search of the residence without valid consent or exigent circumstances. However, an "unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea, including Fourth Amendment claims." *See United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004) (internal quotation marks omitted). Hence, this argument would be frivolous because Tucker entered an unconditional guilty plea after his motion to suppress was rejected.

Counsel also considers whether Tucker could argue that trial counsel was ineffective for not preserving the suppression issue, but correctly concludes that counsel's effectiveness is a question more appropriate for collateral attack when the record on this issue can be more fully developed. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-59 (7th Cir. 2005)

Counsel next considers whether Tucker could argue that his sentence was unreasonable because the sentencing court did not adequately account for his lupus. But this argument is frivolous because the court did consider Tucker's lupus and other "serious medical problems," noting that it was "a factor we take into account" under § 3553(a). The court concluded that this factor warranted a sentence in the middle (rather than the high end) of the Guidelines range in light of the negative factors weighing against Tucker, such as the seriousness of the offense and his criminal history.

Finally, counsel considers whether Tucker could challenge the court's decision to impose a sentence consecutive to his state sentence for a parole violation on an unrelated charge. But the Sentencing Guidelines recommend that consecutive sentences be imposed when the defendant, as here, was on parole at the time of the instant offense and has had such parole revoked. U.S.S.G. § 5G1.3(c) cmt.3(C); *United States v. Caldwell,* 339 F.3d 680, 681 (8th Cir. 2003)*; cf. United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996). The court correctly calculated the Guidelines, and it would be frivolous to argue otherwise.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.