# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3022

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Edmond Louis Cote, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 14, 2009
Filed: June 23, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

After his motion to suppress the search of his home was denied, Edmond Cote (Cote) entered a conditional guilty plea to one count of being an unlawful user of a controlled substance in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The district court[1] sentenced Cote to 24 months imprisonment and two

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa, adopting the Report and Recommendation of the Honorable Jon Stuart Scoles, United States Magistrate Judge for the Northern District of Iowa.

years of supervised release. On appeal, Cote challenges the denial of his motion to suppress. Cote argues his rights under the Fourth Amendment, Fed. R. Crim. P. 41(d)(2)(C), and Iowa Code § 808.3 were violated because the state court judge who issued the warrant to search Cote's residence failed to record the supplemental sworn testimony of a police officer used to establish probable cause, thereby preventing meaningful review of the probable cause finding. We affirm.

## I. BACKGROUND

On December 4, 2007, Officer Rebecca Fort (Officer Fort) of the Cedar Rapids (Iowa) Police Department met with two school students and their parents. The students told Officer Fort that N.C., age 14, threatened to use N.C.'s father's AK-47 rifle and a magnum-type firearm to shoot other students. N.C. showed one of the students a dagger-type weapon strapped to N.C.'s leg. Officer Fort went to the school principal's house and obtained N.C.'s address.

Based upon the information obtained from the students and the address provided by the principal, Officer Fort applied for a search warrant requesting authority to search a residence in Palo, Iowa. The application affidavit omitted to mention N.C. lived at the residence. Officer Fort presented the warrant application to Iowa District Associate Judge Jane Spande (Judge Spande), who placed Officer Fort under oath. Officer Fort then provided Judge Spande with a summary of the facts of Officer Fort's investigation, including the fact N.C. lived with his parents at the Palo address listed in the warrant. Judge Spande issued the warrant. Officers proceeded to the Cote address, searched the residence, and found an Arma Lite rifle, a Ruger handgun, ammunition, including AK-47 ammunition, and a plastic baggie containing marijuana in a safe to which only Cote possessed the key. N.C.'s father, Cote, was arrested and indicted on one count of being an unlawful drug user in possession of firearms.

Cote filed a motion to suppress, asserting the warrant affidavit failed to link N.C. to the place to be searched. The magistrate filed a report and recommendation

suggesting the motion to suppress be denied. Cote objected to the report and recommendation. Cote entered a conditional guilty plea, reserving the right to appeal an adverse ruling on his motion to suppress. The district court adopted the report and recommendation, denied Cote's motion to suppress, and subsequently accepted Cote's guilty plea. This appeal followed.

## II.    DISCUSSION

We review de novo a district court's legal conclusions underlying its denial of a motion to suppress. See United States v. Cantrell, 530 F.3d 684, 689 (8th Cir. 2008). Cote contends Judge Spande's failure to record Officer Fort's supplementary oral testimony prevented meaningful review of the probable cause finding, and violated the Fourth Amendment, Fed. R. Crim. P. 41(d)(2)(C), and Iowa Code § 808.3. We disagree.

Defendant acknowledges our court has repeatedly held the Fourth Amendment does not require the issuing judge to record sworn supplementary oral testimony. See Campbell v. Minnesota, 487 F.2d 1, 4-5 (8th Cir. 1973) ("While it would have been preferable to make a contemporaneous recording of the testimony, . . . there is nothing in the Fourth Amendment to require the adoption of such a procedure."); Frazier v. Roberts, 441 F.2d 1224, 1226 (8th Cir. 1971) ("It is clear that the Fourth Amendment permits the warrant-issuing magistrate to consider sworn oral testimony supplementing a duly executed affidavit to determine whether there is probable cause upon which to issue a search warrant."); United States v. Berkus, 428 F.2d 1148, 1152 (8th Cir. 1970) (explaining, while "it is at all times preferable to record testimony given before a magistrate to supplement an affidavit[,] . . . the Fourth Amendment contains no prescription as to the form or manner in which probable cause must be shown"). Eighth Circuit precedent "prohibits any three-judge panel of the Court from overruling a previous panel opinion." United States v. Wilson, 315 F.3d 972, 973-74 (8th Cir. 2003). Cote's Fourth Amendment challenge therefore fails.

Fed. R. Crim. P. 41(d)(2)(C) is inapplicable in Cote's case. Rule 41(d)(2)(C) provides, "[t]estimony taken in support of a warrant must be recorded by a court reporter or by a suitable recording device, and the judge must file the transcript or recording with the clerk, along with any affidavit." However, "'Rule 41 applies only where a warrant is sought by a federal law enforcement officer or where the search can otherwise be characterized as federal in character.'" United States v. Jones, 471 F.3d 868, 871 (8th Cir. 2006) (quoting United States v. McCain, 677 F.2d 657, 662 (8th Cir. 1982)). It is undisputed the warrant in Cote's case was issued by a state court judge and was sought and executed entirely by state, not federal, law enforcement officers. Cote does not contend the search was otherwise "federal in character."

Iowa Code § 808.3, which requires an abstract of witness testimony that serves as a basis for granting a warrant application, is also inapplicable in Cote's case. "In a federal prosecution, we evaluate a challenge to a search conducted by state authorities under federal Fourth Amendment standards." United States v. Bieri, 21 F.3d 811, 816 (8th Cir. 1994) (citing United States v. Johnson, 12 F.3d 827, 835 (8th Cir. 1994), abrogated on other grounds by Bailey v. United States, 516 U.S. 137 (1995)). "'[E]vidence seized by state officers in conformity with the Fourth Amendment will not be suppressed in a federal prosecution because *state* law was violated.'" Id. (quoting United States v. Moore, 956 F.2d 843, 847 (8th Cir. 1992)). Because we conclude the warrant in Cote's case did not violate the Fourth Amendment, we need not determine whether Judge Spande's failure to record Officer Fort's supplementary testimony constituted a violation of Iowa law.

## II.    CONCLUSION

We affirm the district court's denial of Cote's motion to suppress, and the resulting judgment.

_____