## STATE v. JOHN G. MIERNIK, JR.

170 N. W. (2d) 231.

August 15, 1969—No. 41749.

*Sokolowski & Keating,* for relator.

*Douglas M. Head,* Attorney General, *Joseph P. Summers,* Corporation Counsel, *James W. Kenney,* Assistant Corporation Counsel, *Daniel A. Klas,* Special Assistant Corporation Counsel, for respondent.

*William B. Randall,* Ramsey County Attorney, and *Raymond L. Flader,* Assistant Ramsey County Attorney, for Minnesota County Attorneys Association, amicus curiae.

ROGOSHESKE, JUSTICE.

This proceeding in prohibition, initiated in this court, raises the question of whether a complaint charging defendant with careless driving,[1] a statutory misdemeanor, and the proceedings which followed were constitutionally sufficient to support a finding of probable cause justifying the issuance of an arrest warrant. Our disposition is governed by State v. Burch, 284 Minn. 300, 170 N.W. (2d) 543.

At about 1:30 a. m. on July 7, 1968, defendant, operating his automobile, "rear ended" another automobile at the intersection of Kellogg and Broadway in St. Paul. The police were called. In the course of their investigation, the names of the drivers, passengers, and witnesses were recorded. No arrests were made at that time. In August, defendant received through the mail a summons and complaint charging the offense in the form of a uniform traffic ticket, together with a form letter from the clerk of municipal court requesting that he appear at the Traffic and Ordinance Violations Bureau to set a date for a court appearance and informing him that if he did not appear, a warrant for his arrest would be obtained. Defendant appeared as requested

---

[1] Minn. St. 169.13.

and was advised to appear at the traffic branch of the municipal court September 18. Thereafter, pursuant to his motion challenging jurisdiction, the charge was dismissed on the ground that the officer who signed the traffic ticket had not witnessed the accident. In October, defendant received by mail another uniform traffic ticket charging the offense, together with a form letter from the Warrant Unit of the St. Paul Police Department. This time the letter informed defendant that the municipal court had issued a warrant for his arrest. Added to the lower portion of the printed form of the summons and complaint [2] was the following declaration by the complainant officer and the judge of municipal court:

"That affiant's complaint is made (upon information received from other law enforcement agents) and (upon information resulting from his own investigation).

"WHEREFORE COMPLAINANT PRAYS That (a warrant issue for the apprehension of) said offender (and he) be (arrested and) dealt with according to law.

\* \* \* \* \*

/s/ W. Hunt

"_____ _____

Complainant Officer No. *424*

"Upon the foregoing complaint, subscribed and sworn to before me, and upon examination of complainant under oath,

"THE COURT FINDS that there is probable cause to bring the offender before this court to answer the offense herein complained of

"AND IT IS HEREBY ORDERED that (a warrant issue and) the offender be (arrested and) dealt with according to law.

"Dated at St. Paul, Minn. this *SEP. 27, 1968*

"/s/ Roland Faricy

Judge of Municipal Court"

---

[2] This printed language is identical to that employed in State v. Burch, 284 Minn. 300, 170 N.W. (2d) 543.

The letter required defendant to appear and post bail within 7 days and advised that the request was a courtesy intended to avoid inconvenience and embarrassment but, if there was no response, the arrest warrant would be executed. Defendant appeared, posted bail, and moved to dismiss upon the ground that, judged by constitutional requirements, the complaint failed to state any facts from which the municipal court could reasonably conclude that there was probable cause for the issuance of the warrant. The motion was denied. Defendant refused to plead, and the court entered a plea of not guilty and set the case for trial. In accordance with the procedure approved in Burch and upon defendant's application, we issued an alternative writ of prohibition to determine the question of the municipal court's jurisdiction to try him for the offense charged.[3] When a rehearing was granted on the identical question raised in State v. Burch, *supra,* oral arguments on the question were presented seriatim before this court.

The form complainant employed in this case is the same as in the Burch case. On the basis of our analysis in Burch, it is clear that neither satisfies the minimum requirements of the Fourth Amendment, as interpreted by the Supreme Court of the United States, for the issuance of an arrest warrant. As was true in Burch, the complaint here amounts to nothing more than a mere conclusionary assertion by the complaining officer that defendant committed the offense charged. The complaint contains no facts disclosing the underlying circumstances on which the officer based his conclusion, and there is no public record made contemporaneously with the application for the warrant which supplies this deficiency. Consequently, there is no evidence susceptible of appellate review which could support an independent finding by the magistrate that there was probable cause to believe that defendant committed the offense of reckless driving. Since the constitutional safeguards against the in-

---

[3]Defendant could, of course, have sought the same relief from the district court by a petition for a writ of habeas corpus. Minn. St. 484.03.

vasion of privacy apply with equal force to one charged with a misdemeanor, State v. Paulick, 277 Minn. 140, 151 N. W. (2d) 291, we hold that defendant's motion to dismiss should have been granted.

Since this is a proceeding in prohibition, there is an additional element present here which was not before the court in Burch. In response to the alternative writ, the municipal judge has filed a return in which he has set out the facts disclosed in his examination under oath of the officer-complainant who appeared before him. This examination is required by Minn. St. 629.42. Counsel for defendant on oral argument conceded that the facts set out in the return are sufficient to support a finding of probable cause. Since this overcomes the constitutional deficiency of the complaint, to make the writ of prohibition absolute, as defendant requests, would clearly be to prefer form over substance.

This is not to say that a return to a writ of prohibition is recognized as an appropriate method of bringing the facts revealed to the magistrate before a reviewing court in future cases. The issue was not directly raised or presented by the parties, and we reserve decision for a proper case. However, it may be noted that such procedure may create many problems, chief of which may be those arising if defendant insists that the magistrate appear and testify before the reviewing district court so as to afford a right of cross-examination to test the credibility of the magistrate. Since under our decision in Burch, if the complaint is deficient, a public record made of the examination of the complainant and any other witnesses in support of the application is mandatory in all future cases, under the circumstances of this case we do not feel compelled to disregard the return filed. Accordingly, we conclude that the writ of prohibition must be discharged. No costs or disbursements are allowed to either party.

Writ discharged.