STATE v. ALAN L. LIEBRENZ.

194 N. W. 2d 291.

February 4, 1972—No. 43284.

*Warren Spannaus,* Attorney General, *Daniel A. Klas,* Corporation Counsel, and *Pierre N. Regnier* and *Daniel L. Ficker,* Assistant Corporation Counsel, for appellant.

*Errol K. Kantor,* for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Hachey, JJ.

PER CURIAM.

The state appeals from an order dismissing a charge against defendant for failing to yield the right-of-way to a pedestrian in violation of Minn. St. 169.06, subd. 6(a). The issues are (1) whether the information furnished by a uniform traffic summons, together with a transcript of the hearing conducted prior to the issuance of the warrant, constituted

an adequate complaint; (2) whether the state has a right to appeal; and (3) the propriety of the attorneys' fees sought by defendant.

These proceedings arise out of the death of a pedestrian at University Avenue and Rice Street in St. Paul on January 22, 1971. Pursuant to notice, defendant appeared in the municipal court of the city of St. Paul on April 22, 1971. A tab charge based on information contained in a uniform traffic ticket was entered. Pursuant to Minn. St. 488A.27, subd. 4, defendant requested a formal complaint. The tab charge was thereupon dismissed. The following day Judge Brennan conducted an extensive hearing to establish probable cause for issuing a warrant, which he thereupon executed. He did not sign the form of complaint contained in the uniform traffic tag until May. The matter was before the court on four subsequent occasions on which defendant repeated his request for a formal complaint. On June 15, 1971, the transcript of the examination held by Judge Brennan on April 23 was filed with the court and available to defendant. Nevertheless, on June 30 the municipal court dismissed the charge with prejudice on the ground no formal complaint had been issued.

1. The records and briefs do not disclose how the trial court construed the statutory provision for a "formal complaint." We have exhaustively considered the purpose and function of complaints in two recent decisions. State v. Burch, 284 Minn. 300, 170 N. W. 2d 543 (1969); State v. Miernik, 284 Minn. 316, 170 N. W. 2d 231 (1969). In Burch we held that the Fourth Amendment does not require all the relevant facts to appear on the face of the complaint. We said also (284 Minn. 308, 170 N. W. 2d 549):

"* * * The importance of the complaint is, first, that it provides the magistrate with a sworn statement on which he can base his determination and, second, that it provides a written record of what was before the magistrate at the time he issued the warrant. *This same function could be served by a verbatim record of the examination of the complainant by the magistrate.* By examination, the magistrate could elicit sufficient information on which to make a determination and the transcribed record would provide a basis on which his conclusions could be intelligently reviewed. *Obviously, such a record would have to be made available to the person seized in time for him to raise a timely challenge to his arrest.*" (Italics supplied.)

In the Miernik case, decided contemporaneously with Burch, we held that the information contained in the uniform traffic tag was not adequate to constitute a complaint on which a warrant could issue. However, we went on to suggest that where the court has filed a return,

setting forth the facts disclosed in the examination of the complaining officer, the constitutional requirements are met if the transcript is filed with the court and available to the defendant. This was in accord with our holding in Burch. Although there is no explanation for the long delay in making the transcript available to defendant in the instant case, it was ultimately filed before the court dismissed the complaint with prejudice. Consequently, at the time that order was entered, the state had complied with the constitutional requirements we discussed in Burch and in Miernik. It was therefore error to dismiss the charge.

2. Since, as we hold, there was an adequate complaint by virtue of the transcript, there is no merit in defendant's claim that the dismissal did not entitle the state to appeal under § 632.11, subd. 1(1).

3. The attorneys' fees authorized by § 632.13(8) are only for services made necessary by the appeal. Consequently, the fees allowed in this matter are limited to $150.

Reversed.

MR. JUSTICE TODD, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.