**STATE of Minnesota, Respondent,**

**v.**

**David Marcel MEIZO, Appellant.**

**No. 48338.**

Supreme Court of Minnesota.

July 3, 1980.

C. Paul Jones, Public Defender, and Kathleen K. Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., and Robert A. Stanich, Asst. County Atty., Anoka, for respondent.

Heard before ROGOSHESKE, TODD, and WAHL, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This is an appeal from a criminal conviction for the possession with intent to sell of a controlled substance, contrary to Minn. Stat. §§ 152.01, 152.02, 152.09, and 152.15. The conviction followed a court trial in the Anoka County District Court. At the omnibus hearing held prior to trial, defendant moved to suppress the evidence seized from his home pursuant to a search warrant on the ground that the search warrant was issued without probable cause. The court

denied the motion to suppress, and on appeal defendant challenges that ruling. We affirm.

The facts are not in dispute. Officer Neil Duncan of the Fridley Police Department, through information received from informants and from his personal observations, suspected defendant of trafficking in narcotics. On the morning of August 5, 1976, Duncan prepared an application for a search warrant of the premises occupied by Meizo. In support of this application, Duncan submitted his affidavit, which reads as follows:

Your affiant is a detective employed by the Fridley, Minnesota, Police Department.

On August 3 and 4 and on August 5, 1976, your affiant has interviewed at least 4 persons who have supplied confidential information implicating adult Dave Neizo [sic] of 7303 Able Street, Fridley, Minnesota, to be in possession of controled [sic] substances with the intent to distribute.

Also, these four persons have admitted purchasing marijuana and controled [sic] chemicals in quantity from Dave Neizo [sic].

At the application hearing, Duncan presented oral testimony to the magistrate which was supplemental to the information contained in the affidavit. This oral testimony was not recorded. The search warrant was issued and immediately executed. Several items of contraband were seized and Meizo and others were arrested and charged.

At the omnibus hearing, the court permitted Duncan to testify and relate the facts he had orally supplied to the issuing magistrate, thereby supplementing his affidavit. He testified that the additional information which he gave to the magistrate consisted of statements that:

(1) he had been gathering intelligence on defendant for one week;

(2) he conducted a personal surveillance of defendant's premises the night before the arrest between 9 p. m. and midnight at which time he saw much traffic in and out of the premises;

(3) his information was that large quantities of controlled substances were coming into the premises in gunny sacks or similar containers and that marijuana was leaving the premises in 12-pack beer cases;

(4) his information was that all types of drugs were being sold and that one party had bought $1,500 worth;

(5) his information was received from four different people at four different times and those four people were the persons referred to in his affidavit.

Defendant objected to the admission of this testimony and moved to suppress the seized evidence. This motion was denied. At trial, the seized evidence was admitted and a conviction obtained. The items seized consisted of:

(1) three bricks of marijuana weighing in the aggregate 45.7 ounces;

(2) three notebooks containing references to drugs;

(3) a rent receipt with defendant's name and the 7303 Able Street N. E. address on it;

(4) a brown leather pouch in which were six foil packets containing methamphetamines.

We have no trouble concluding that the affidavit itself appears deficient on its face. Thus, the sole issue becomes:

Is evidence seized, based upon a search warrant wherein the affidavit appears deficient on its face, constitutionally admissible where supplemental sworn testimony reveals that the magistrate himself had the required probable cause for the issuance of the warrant?

We had occasion to consider this precise question in the case of *State v. Campbell*, 281 Minn. 1, 161 N.W.2d 47 (1968). There, a peace officer obtained a warrant based upon his affidavit and unrecorded sworn testimony. The defendant claimed that the unrecorded testimony could not be used to establish probable cause. In rejecting this contention, we stated that:

128

Our statutes, * * * implementing the constitutional mandate, provide for supporting affidavits of probable cause and the reduction of sworn statements to affidavit form. [The officer's] sworn testimony was not reduced to writing, but we do not view this as a fatal defect. It would have been far better practice of course, for all essential information to have been stated in the original affidavit, or, alternatively, that [the officer's] sworn statements be reduced to writing and subscribed by him. Neither the constitution nor the statutes, however, should be construed to exalt form above substance, the important thing being that the magistrate himself shall have a reliable basis for the issuance of the warrant.

281 Minn. 8, n.3, 161 N.W.2d 52, n.3. The decision of *State v. Burch*, 284 Minn. 300, 170 N.W.2d 543 (1969), which does not mention the *Campbell* case, contains language claimed to be in conflict with our opinion in *Campbell*. Although we fail to see any inconsistency, by today's decision we wish to resolve any confusion on the matter by our reaffirmation of the *Campbell* holding.

■ The Fourth Amendment provides, in pertinent part, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation * * *." It is unquestioned that, other than the oath requirement, this constitutional provision does not mandate the form the probable cause information must take. Rather, the intention of the Fourth Amendment is to ensure that a magistrate is apprised, in whatever manner, of adequate facts that establish probable cause before a warrant shall issue. *E. g., United States ex rel. Gaugler v. Brierley*, 477 F.2d 516 (3rd Cir. 1973); *Gillespie v. United States*, 368 F.2d 1 (8th Cir. 1966). As the *Brierley* court declared:

The Fourth Amendment requires *only* that the judicial officer issuing a search warrant be supplied sufficient information, under oath or affirmation, which would support an independent judgment that probable cause exists for the warrant's issuance.

477 F.2d 522 (emphasis in original; footnote omitted). Similarly, in *State v. Burch, supra*, we stated:

The Fourth Amendment simply requires "probable cause, supported by oath or affirmation" and does not specify the manner in which it is to be shown. Further, the United States Supreme Court cases make it clear that the primary concern is that the magistrate be sufficiently informed to make an independent determination, and not how he is so informed.

284 Minn. 307, 170 N.W.2d 549.

Moreover, in ascertaining the validity of a warrant, we must keep in mind the directives of the United States Supreme Court:

A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

* * * * * *

* * * the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

*United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965) (citation omitted).

Consistent with the above, the vast majority of cases which have considered the instant issue have concluded that unrecorded oral testimony may properly form the basis for a magistrate's probable cause determination. *E. g., United States v. Hill*, 500 F.2d 315 (5th Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1135, 43 L.Ed.2d 404 (1975); *Campbell v. Minnesota*, 487 F.2d 1 (8th Cir. 1973); *Brierley, supra; Leeper v. United States*, 446 F.2d 281 (10th Cir. 1971), *cert. denied*, 404 U.S. 1021, 92 S.Ct. 695, 30 L.Ed.2d 671 (1972); *United States v. Berkus*, 428 F.2d 1148 (8th Cir. 1970); *Sherrick v. Eyman*, 389 F.2d 648 (9th Cir.), *cert. denied*, 393 U.S. 874, 89 S.Ct. 167, 21 L.Ed.2d 144 (1968); *Gillespie, supra; Gramaglia v. Gray*, 395 F.Supp. 606 (S.D.Ohio 1975); *United States ex rel. Pugach v. Mancusi*, 310 F.Supp. 691 (S.D.N.Y.1970), *aff'd* 441 F.2d 1073 (2nd Cir.), *cert. denied*, 404

U.S. 849, 92 S.Ct. 156, 30 L.Ed.2d 88 (1971); *Matter of L. J. W.*, 370 A.2d 1333 (D.C.Ct. App.1977); *Commonwealth v. Milliken*, 450 Pa. 310, 300 A.2d 78 (1973). *Contra, Glodowski v. State*, 196 Wis. 265, 220 N.W. 227 (1928). This view of the overwhelming weight of authority is also supported by the fact that the legitimate needs of criminal law enforcement do, on occasion, require the obtaining of a warrant during times when it is impractical or impossible for a court reporter or stenographer to be present. We cannot ignore this reality faced by law enforcement personnel in performing their duties.

 It is surely preferable for testimony to be recorded at the time of the probable cause determination by the magistrate, and every effort will presumably be made to this end. However, in accordance with the Fourth Amendment and its recognition of the peculiar demands and needs of our criminal justice system, there must be some flexibility in the warrant process. In this case it is clear, from sworn testimony in the record before us, that the magistrate had sufficient sworn testimony before him to properly find probable cause. Accordingly, the standards of the Fourth Amendment are satisfied and, thus, the evidence seized pursuant to the warrant was properly admitted at defendant's trial.

Affirmed.

TODD, Justice (concurring specially).

I concur in the result.

However, I wish to emphasize the fact that it is not only preferable but most desirable that testimony be recorded at the time of the probable cause determination by the magistrate. The failure to do so can lead to situations where the magistrate may subsequently be called upon to give testimony on behalf of the prosecution to validate the nature of the proceedings. I regard this as not serving the best interests of the judicial system because it places the judicial branch of government as a witness of the executive branch of the government. Such a result can be avoided by the separate recording of extraneous evidence at a probable cause hearing.

WAHL, Justice (dissenting).

I must respectfully dissent. Minn.Stat. §§ 626.08, 626.09 and 626.10 (1978) and our own cases, *State v. Burch*, 284 Minn. 300, 170 N.W.2d 543 (1969) and *State v. Miernik*, 284 Minn. 316, 170 N.W.2d 231 (1969), require that oral testimony supplementing a warrant affidavit be reduced to writing contemporaneously with the application for the warrant.

Minn.Stat. § 626.08 (1978) provides: "A search warrant cannot be issued but upon probable cause, supported by affidavit * * *." Minn.Stat. § 626.10 (1978) states: "The affidavit or affidavits *must* set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist." (Emphasis supplied.) The statutory section on oral testimony, Minn.Stat. § 626.09 (1978), provides: "The court or justice of the peace may, before issuing the warrant, examine on oath the person seeking the warrant and any witnesses he may produce, and *must* take his affidavit or their affidavits in writing, and cause same to be subscribed by the party or parties making same." (Emphasis supplied.)

The majority has no trouble concluding that the affidavit in the instant case appears deficient on its face but, citing *State v. Campbell*, 281 Minn. 1, 161 N.W.2d 47 (1968), holds the evidence seized pursuant to that warrant admissible because the officer who sought the warrant testified at the omnibus hearing to sufficient additional facts which he said he swore to before the magistrate. In *Campbell*, decided before *Burch* and *Miernik*, we upheld a search based upon a deficient affidavit and unrecorded sworn testimony. In *Miernik* we discharged a writ of prohibition because of unrecorded facts disclosed orally to the magistrate by the officer-complainant. In both *Campbell* and *Miernik*, however, the supplementary unrecorded sworn testimony was set out either in a post-trial affidavit or return filed by the issuing magistrate, thus removing, as we said in *Campbell*, any ves-

tige of possible doubt as to the substance of the information. 281 Minn. at 8, n.6, 161 N.W.2d at 52–53, n.6. To uphold a search on the basis of unrecorded sworn testimony on the sole recollection, after the search, of the officer charged with ferreting out the crime is a step not taken by this court before today. Such a holding directly contravenes the rule we propounded in *Burch*. There we held that:

[I]n order for a determination of probable cause to be sustained against a constitutional challenge, there must be a complaint *or a sworn record, made at the time of the determination,* which contains facts sufficient to support a finding of probable cause; the source of those facts; and where appropriate, the facts necessary to determine the reliability of the source.

284 Minn. at 308, 170 N.W.2d at 549. (Emphasis supplied.)

*Burch* made mandatory public recordation of the examination of the complainant and any other witnesses in support of the application for a warrant. *State v. Miernick*, 284 Minn. at 320, 170 N.W.2d at 233–34. Such a recordation requirement for oral testimony provides substantial protection to the constitutional requirement of probable cause by insuring a meaningful review of the magistrate's determination. To ignore the recordation requirement and allow nonrecorded oral testimony to provide the basis for a probable cause determination invites circumvention of the affidavit requirement I would reverse.