Raymond Arthur CASE, Jr., Petitioner, Appellant,

v.

Orville B. PUNG, Commissioner of Corrections, Respondent.

No. C3–90–415.

Court of Appeals of Minnesota.

April 17, 1990.

Review Denied June 15, 1990.

Raymond Arthur Case, Jr., pro se.

Allan L. Mitchell, St. Louis County Atty., John E. DeSanto, Asst. County Atty., Duluth, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and KALITOWSKI, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

This is an appeal from an order denying a petition for writ of habeas corpus. We affirm.

## FACTS

Appellant Raymond Case was convicted of first-degree assault for a 1986 incident which resulted in serious injuries to the victim, Dale Goldberg. *See State v. Case,* 412 N.W.2d 1, 2–3 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Oct. 28, 1987) (summary of the facts of the assault). The complaint, issued several days after the incident, relied principally upon the statements of an eyewitness who had initially told police Goldberg's injuries resulted from an accidental fall.

On direct appeal, Case argued, among other issues, that his arrest was unlawful, that he should have received a full evidentiary hearing to determine probable cause, and that the evidence was insufficient to support his conviction. This court held Case's arrest, made without an actual arrest warrant, was illegal, but did not require a new trial because no suppressible evidence had been obtained as a result of the arrest. *Case,* 412 N.W.2d at 3–4. We also held Case was not entitled to a full evidentiary hearing on probable cause, and that the evidence was sufficient to support the conviction. *Id.* at 4–5.

· Case later brought a petition for writ of habeas corpus, claiming the complaint was insufficient. The trial court denied the petition, finding that the complaint was not invalid, and that it was not required to be supported by a sworn statement of the complainant, or by a full evidentiary hearing.

## DECISION

Habeas corpus is a collateral attack upon the judgment of conviction which may be used to challenge the trial court's jurisdiction over the person of the defendant. *See State ex rel. May v. Swenson,* 242 Minn. 570, 575, 65 N.W.2d 657, 660 (1954). However, the sufficiency of the complaint, and of the facts stated in the complaint to establish probable cause, may be challenged by pre-trial motion. *See* Minn.R.Crim.P. 11.03, 17.06, subd. 2(2)(d).

Habeas corpus cannot be used to challenge the sufficiency of the allegations stated in the complaint to charge the petitioner with an offense when the petitioner has since been convicted of the offense. *State ex rel. Thomas v. Rigg,* 255 Minn. 227, 234, 96 N.W.2d 252, 257 (1959). Habeas corpus may be used to challenge the sufficiency of the complaint only if brought to challenge the legality of *pre-trial* confinement. *See, e.g., State v. Burch,* 284 Minn. 300, 310, 170 N.W.2d 543, 551 (1969); *State v. Miernik,* 284 Minn. 316, 319, 170 N.W.2d 231, 333 n. 3 (1969).

The trial court was not required to address Case's challenges to the complaint. Nevertheless, we agree with the court's

conclusion that, before signing the complaint, a judicial officer is not required to examine the complainant or other declarant. *See* Minn.R.Crim.P. 2.01 (complaint *may* be supplemented by sworn testimony); *cf.* Minn.Stat. § 629.42 (repealed 1979) (court to examine complainant and supporting witnesses). The complaint stated the "essential facts constituting the offense." Minn.R.Crim.P. 2.01.

Case's contentions that the habeas corpus court considered extrinsic evidence and that the habeas court should have given him an evidentiary hearing, are without merit.

Affirmed.